IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ROY L. ELLIS, | ) | |
| | ) | |
| Petitioner, | ) | 8:16CV549 |
| | ) | |
| v. | ) | |
| | ) | |
| BRAD HANSEN, Warden, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Respondent. | ) | |
| | ) | |

Roy L. Ellis (Ellis) has filed a petition for writ of habeas corpus attacking his 2007 conviction[1] and sentence for tampering with a witness (Antoinette Pollack). He was found to be a habitual offender and sentenced to 60 years in prison.

This petition does not attack his separate conviction, and death sentence, for the murder of Amber Harris. *See State v. Ellis, 799 N.W.2d 267 (Neb. 2011)* (affirming conviction and death penalty).

The court has conducted an initial review of the Petition for Writ of Habeas Corpus to determine whether the claims made by Petitioner are, when liberally construed, potentially cognizable in federal court. Because the claims are unclear grammatically and otherwise, I cannot determine if there are any federal claims at issue. In short, the petition for habeas corpus in this case does not substantially comply with Rule 2(d) of the Rules Governing § 2254 Cases.

Petitioner will be given leave to submit an entirely new petition with these instructions in mind:

---

[1]Petitioner alleges he entered a plea of no contest.

1.   This court cannot grant relief because a state trial judge abused his discretion.  Such a claim is a matter of state law only and a federal habeas court can only adjudicate federal constitutional claims.

2.   There is no constitutional guarantee of effective assistance of counsel in a postconviction action and therefore a claim of ineffective assistance of postconviction counsel cannot serve as a stand-alone claim.  It may serve, however, as means for excusing procedural default in a federal habeas action.

3.   When asserting that counsel was ineffective, a petitioner should specify the name of the lawyer.  The petitioner should also specify what function the lawyer served when counsel is alleged to have acted ineffectively.  That is, at the time of the alleged error, whether counsel was acting as trial counsel, sentencing counsel, counsel on direct appeal, counsel during a state post-conviction matter and counsel during an appeal of a post-conviction decision.

Petitioner has also filed a Motion to Appoint Counsel.  "[T]here is neither a constitutional nor statutory right to counsel in habeas proceedings; instead, [appointment] is committed to the discretion of the trial court." *McCall v. Benson,* *114 F.3d 754, 756 (8th Cir. 1997)*.  As a general rule, counsel will not be appointed unless the case is unusually complex or the petitioner's ability to investigate and articulate the claims is unusually impaired or an evidentiary hearing is required.  *See, e.g., Morris v. Dormire,* 217 F.3d 556, 558-59 (8th Cir. 2000), *cert. denied*, 531 U.S. 984 (2000); *Hoggard v. Purkett,* 29 F.3d 469, 471 (8th Cir. 1994).  *See also* Rule 8(c) of the *Rules Governing Section 2254 Cases in the United States District Courts* (requiring appointment of counsel if an evidentiary hearing is warranted).  The court has carefully reviewed the record and finds there is no need for the appointment of counsel at this time.

IT IS  ORDERED that:

1.      Upon initial review of the Petition (filing no. 1), the court preliminarily determines that the petition is insufficient and it is therefore denied without prejudice.

2.      Taking the prison mailbox rule into account, on or before February 6, 2017,[2] Petitioner shall file an amended petition using AO Form 241.  *Following the instruction provided above, Petitioner shall state his claim(s) and supporting fact(s) concisely and without argument or legal citation.*  That can normally be done using the form itself *without* attachments.

3.      The Clerk shall mail a copy of the official habeas form to the Petitioner at the address he has given in this case.

4.      Petitioner's Motion to Appoint Counsel (filing No. 4) is denied without prejudice to reassertion.

DATED this 5th day of January, 2017.

                                    BY THE COURT:

                                    s/ *Richard G. Kopf*
                                    Senior United States District Judge

---

[2]**This means the amended petition must be *received* by the Clerk no later than Monday, February 6, 2017.**