IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ROY L. ELLIS, | ) | |
| | ) | |
| Petitioner, | ) | 8:16CV549 |
| | ) | |
| v. | ) | |
| | ) | |
| BRAD HANSEN, Warden, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Respondent. | ) | |

Roy L. Ellis (Ellis or Petitioner) has filed a petition for writ of habeas corpus attacking his 2007 conviction and sentence for tampering with a witness (Antoinette Pollack). He was found to be a habitual offender and sentenced to 60 years in prison. This petition does not attack his separate conviction, and death sentence, for the murder of Amber Harris. See *State v. Ellis,* 799 N.W.2d 267 (Neb. 2011) (affirming conviction and death penalty), *cert. denied* 565 U.S. 967 (2011). I will deny the petition with prejudice. Briefly, I next describe why I do so.

## *Background*

As Respondent points out in a thoughtful brief and answer, supported by an evidence index, there are numerous reasons why this petition must be dismissed with prejudice. While I agree with those numerous arguments, in the interests of judicial economy and timeliness[1], I limit my discussion to the one reason that stands out above all the rest. Ellis' federal petition was way too late and there are no excuses available to him.

---

[1] Given the fact that Ellis is facing the death penalty for another matter, the undersigned is acutely sensitive to the need for a prompt resolution of this matter.

Ellis was sentenced as a habitual criminal after pleading "no contest" to tampering with a witness. Among other cautions, advisements and inquiries, the judge carefully explained to Ellis that a "no contest" plea was the same as a guilty plea for sentencing purposes, that his sentence could be enhanced up to 60 years in prison, and that, if so enhanced, Ellis would not receive a reduction for good time. (Filing no. 15-13, at CM/ECF pp. 28-42.) The record reveals a very extensive factual basis for the plea with no disagreement by Ellis or his counsel. (*Id.* at CM/ECF pp. 36-41.)

On April 10, 2007, Ellis received a sentence of 60 years. (Filing no. 15-10 at CM/ECF p. 38.) Ellis took a direct appeal to the Nebraska Court of Appeals. The Nebraska Court of Appeals summarily affirmed the conviction and sentence on October 15, 2007. (Filing no. 15-1 at CM/ECF p. 2.) Ellis did not petition the Nebraska Supreme Court for further review and the mandate issued on November 20, 2007. (*Id.*)

Ellis waited until October 27, 2011, to file a petition for post-conviction relief. (Filing no. 15-11 at CM/ECF pp. 47-104.) He supplemented that petition several times. On February 26, 2016 (filed on February 29, 2016), the state trial judge denied Ellis post-conviction relief. (Filing no. 15-11 at CM/ECF pp. 95-104.) Ellis appealed, the Nebraska Supreme Court took the matter from the Nebraska Court of Appeals, and summarily affirmed the denial of post-conviction relief on November 16, 2016. (Filing no. 15-2 at CM/ECF p. 1.) The mandate issued on December 14, 2016. (*Id.*)

Ellis filed his federal petition on December 16, 2016. (Filing no. 1.) Upon initial review, I denied the petition without prejudice on January 5, 2017. (Filing no. 7.) But I gave Petitioner leave to file an amended petition. Ellis filed an amended petition on January 23, 2017. (Filing no. 8.) On February 28, 2017, I found the following claims to be potentially cognizable and dismissed without prejudice any others:

> ***Claim One***: Counsel on direct appeal was ineffective for failing to seek further review by the Nebraska Supreme Court of the denial of the direct appeal by the Court of Appeals.
>
> ***Claim Two***: Petitioner was denied due process of law by the trial court because (1) Petitioner was not properly informed that his "no contest" plea could result in an enhanced sentence as a habitual offender, and (b) the trial judge referred to, and improperly relied upon, a pending and, in any event unrelated, murder and rape charge of a child brought against Petitioner as a basis for sentencing.

(Filing no. 10.)

### *Analysis*

Ellis' petition is barred by the limitations period of one year set forth in 28 U.S.C. § 2244(d). For a state prisoner like Ellis who does not seek review in a state's highest court, the judgment becomes "final," within the meaning of the Antiterrorism and Effective Death Penalty Act's (AEDPA) statute of limitations for habeas petitions, on the date that the time for seeking such review expires. *See*, *e.g., King v. Hobbs*, 666 F.3d 1132, 1135 (8th Cir. 2012); *Riddle v. Kemna*, 523 F.3d 850, 855 (8th Cir. 2008), abrogated in part by *Gonzalez v. Thaler*, 565 U.S. 134 (2012).

Giving Ellis the benefit of the doubt, the clock began to run no later than when the mandate of the Nebraska Court of Appeals, regarding the direct appeal, issued on November 20, 2007. Ellis did nothing to pursue any remedy until October 27, 2011, when he filed a petition for state post-conviction relief. The time between those two dates is 1,437 days from the start date to the end date but not including the end date. By the time the federal petition was filed, the AEDPA statute of limitations had long since expired.

Ellis offers no argument to excuse the tardy filing. He does seem to assert without explanation that the failure of his direct appeal counsel to seek further review

3

by the Nebraska Supreme Court of the decision of the Court of Appeals is somehow relevant. It is not. The failure to seek further review has no bearing on this issue. The failure of his counsel to petition for further review in no way obstructed Ellis from seeking prompt post-conviction relief in the state courts and in this court.

Ellis does not claim entitlement to equitable tolling. In any event, a litigant seeking equitable tolling must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Walker v. Norris*, 436 F.3d 1026, 1032 (8th Cir. 2006). Petitioner has not established either one of these two elements.

What about a claim of miscarriage of justice? In *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage of justice exception. A habeas petitioner, who seeks to overcome the one-year statute of limitations in § 2244(d)(1) upon a showing of "actual innocence," must support his allegations with "new, reliable evidence" that was not presented at trial and must show that it is more likely than not that, in light of the new evidence, no juror, acting reasonably, would have voted to find the petitioner guilty beyond a reasonable doubt. *Schlup*, 513 U.S. at 324-27.

However, "[i]t is important to note in this regard that 'actual innocence' *means factual innocence*, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623(1998). (Italics added.) *See also Sawyer v. Whitley*, 505 U.S. 333, 339 (1992) ("We emphasized that the miscarriage of justice exception is concerned with actual as compared to legal innocence . . . ."). Here, Ellis agreed to his factual guilt and no new evidence has been supplied that would contradict the record that plainly establishes factual guilt. Thus, he is not entitled to this form of excuse.

4

Finally, a petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484-485 (2000). I have applied the appropriate standard and determined that Petitioner is not entitled to a certificate of appealability.

IT IS ORDERED that the amended petition for writ of habeas corpus (filing no. 8) is denied and dismissed with prejudice. The Clerk shall terminate filing no. 24, a notice of submission by Respondent, because the notice is not a motion. No certificate of appealability has been or will be issued. A separate judgment will be entered.

DATED this 6th day of September, 2017.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge